**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:26-cv-488 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| TODD BLANCHE, in his official capacity as Attorney General of the United States, *et al.*, | ) | Magistrate Judge Poplin |
| | ) | |
| *Defendants*. | ) | |

**<u>MEMORANDUM & ORDER</u>**

Before the Court are Jane Doe's ("Plaintiff") complaint [Doc. 1], motion for a protective order allowing Plaintiff to proceed anonymously [Doc. 2], and motion for a temporary restraining order [Doc. 4]. For the reasons set forth below, the Court will order Todd Blanche, Joseph B. Edlow, Markwayne Mullin, and David J. Venturella (collectively, "Defendants") to respond to the motion for a protective order [Doc. 2] and the motion for temporary restraining order [Doc. 4].

## I. BACKGROUND

In her supporting Memorandum [Doc. 5], Plaintiff shows that because of Russia's invasion of Ukraine in February 2022, the United States initially designated Ukraine for Temporary Protected Status ("TPS") on April 19, 2022. [*Id.* at 2]. Subsequent reviews by DHS resulted in an extension of Ukraine's TPS status several times. [*Id.*]. Plaintiff shows she is a Ukrainian citizen with TPS who currently resides in northeast Tennessee. [Doc. 1, at ¶ 2]. According to Plaintiff, the website of United States Citizenship and Services and the Federal Register list Ukraine's TPS as being valid only until October 19, 2026. [*Id.* at ¶ 14]. Plaintiff alleges that the expiration of the TPS designation as to Ukraine will result in Plaintiff suffering many hardships and being forced



Case 3:26-cv-00488-CEA-DCP Document 13 Filed 10/08/26 Page 1 of 5 PageID #: 58

to choose between remaining in the United States illegally (where Plaintiff will be unable to legally work or drive) and returning to a warzone in Ukraine. [*Id.* at 4–5].

Plaintiff thus seeks a declaration that the TPS for Ukrainians was automatically extended by statute until April 19, 2027, and injunctive relief compelling the government to update their systems to reflect this extension. [*Id.* at 5]. In support of this request, Plaintiff argues that under 8 U.S.C. 1254a(b)(3)(A), the Attorney General was required to either redesignate or terminate Ukraine's TPS by August 20, 2026. [Doc. 1, at 3–4]; *see* 8 U.S.C. § 1254a(b)(3)(A) ("At least 60 days before the end of the initial period of designation, and any extended period of designation, . . . the Attorney General . . . shall review the conditions in the foreign state . . . and shall determine whether the conditions for such designation under this subsection continue to be met.").

Plaintiff alleges the Attorney General failed to do either of these things. [*Id.* at 4]. Plaintiff thus argues that 8 U.S.C. § 1254a(b)(3)(C) operated to automatically extend Ukraine's TPS by six months. [Doc. 1 at 4]. That section of the statute provides that "[i]f the Attorney General does not determine under subparagraph (A) that a foreign state . . . no longer meets the conditions for designation under paragraph (1), the period of designation of the foreign state is extended for an additional period of 6 months (or, in the discretion of the Attorney General a period of 12 to 18 months.)." 8 U.S.C. § 1254a(b)(3)(C). As Plaintiff reads it, that means Ukraine's TPS was automatically extended and now expires April 19, 2027. [Doc. 1 at 4].

Finally, Plaintiff moves to proceed under a pseudonym, alleging that "because of the Defendants' well known propensity for vindictive retaliatory conduct, disregard for the orders of United States Courts, and tendency to deport first and answer questions later, Plaintiff . . . is likely to be the victim of retaliatory conduct simply because he/she is filing this lawsuit." [*Id.* at ¶ 4].

Plaintiff has also filed an Affidavit of Service indicating that all Defendants were served on October 7, 2026. [*See* Doc. 12].[1]

## II. ANALYSIS

### a. Temporary Restraining Order

Federal Rule of Civil Procedure 65(b)(1) authorizes a Court to grant a TRO with or without notice to the adverse party or the party's attorney "only if" there are "specific facts in an affidavit or verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant's attorney must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

The purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty*., 415 U.S. 423, 438–39 (1974). The factors to be considered in determining whether a TRO or preliminary injunction should issue, however, are the same. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007). Specifically, courts look to the following factors: (1) whether plaintiff "has shown a strong likelihood of success on the merits"; (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) (applying "traditional stay factors" to petition for a stay of removal). If a court determines that preliminary injunctive relief is warranted, the court must limit the scope of

[1] The Court makes no finding as to the sufficiency of service at this time, but simply notes that Plaintiff contends service has been made and/or attempted.

the injunction so that it only provides complete relief to the parties involved in the suit. *Trump v. CASA, Inc.*, 606 U.S. 831, 852 (2025).

Here, Plaintiff has not met the requirements of Rule 65(b)(1). Counsel has filed an Affidavit of Service [Doc. 12], which the Court can liberally construe as counsel's certification as to his efforts to give notice to Defendants. However, there is no affidavit/declaration from Plaintiff, and the Complaint [Doc. 1] is not verified. So that threshold requirement of Rule 65(b)(1) has not been met. Moreover, neither the Complaint nor Plaintiff's Motion [Doc. 4] set forth "specific facts" demonstrating the likelihood of irreparable harm. While Plaintiff's argument that she will lose the ability to legally work or drive on October 19, 2026, is certainly some showing of harm, it is not "specific" to Plaintiff. This lack of detail is perhaps in part because Plaintiff seeks to proceed pseudonymously. Regardless, the Court lacks factual details about Plaintiff that would be vital to assessing the merits of injunctive relief and properly tailoring the scope of the injunction. *See Overstreet*, 305 F.3d at 573; *CASA*, 606 U.S. at 852. The Court notes that there are procedures for filing non-public information, including filing documents under seal or requesting *in camera* review.

As it stands, the Court could not issue the injunctive relief Plaintiff requests because of these procedural deficiencies. In addition, without Plaintiff's name or any identifying information, it is not clear how the Court could tailor any injunctive relief. Plaintiff asks, in essence, for a universal injunction, seeking "temporary relief ruling that the TPS system for Ukrainians was automatically extended until to April 19, 2027 or a final disposition of this case, whichever occurs first." [Doc. 4, at 2]. The Supreme Court has recently cautioned, albeit in a different context, that "a universal injunction – at least as applied to a federal law or executive order – falls outside the

bounds of a federal court's equitable authority under the Judiciary Act." *Doe v. Burlew*, 165 F.4th 525, 530 (6th Cir. 2026) (quoting *Trump v. CASA*, 606 U.S. at 843).

As Plaintiff has not met the procedural requirements of Rule 65 and service of process appears to be already underway, the Court finds it appropriate to order Defendants to respond to both the Motion for Temporary Restraining Order [Doc. 4] and the Motion for Protective Order Allowing Plaintiff to Proceed Anonymously [Doc. 2]. The Court will then evaluate the TRO Motion [Doc. 4] as one for preliminary injunctive relief.

## III. CONCLUSION

For the foregoing reasons, Defendants are **ORDERED** to respond to Plaintiff's motion for a TRO [Doc. 4] and motion for a protective order [Doc. 2] by Tuesday, October 13, 2026. Specifically, Defendants should address the factors this Court must consider in granting preliminary injunctive relief and allowing a party to proceed pseudonymously.

**Counsel for Plaintiff is ORDERED to transmit this Order to Defendants as soon as possible by any means reasonably calculated to give notice.**

**SO ORDERED.**

*<u>/s/ Charles E. Atchley, Jr.</u>*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**